ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT | ) | |
| | ) | |
| Cheryl A. Munday and Margaret Devine, | ) | |
| on behalf of themselves and others | ) | Civil Action No. 2020-CP-07-_____ |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **SUMMONS** |
| | ) | |
| Beaufort County, Philip Foot, Quandara, | ) | |
| Grant, John Does 1-5 and Jane Does 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

**TO DEFENDANTS ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to the Complaint upon the subscriber, at his office at 38 New Orleans Road, Hilton Head Island, SC 29928, (Mailing address: Post Office Drawer 7965, Hilton Head Island, SC 29938) within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, Plaintiffs will apply to the Court for relief demanded in the Complaint and a judgment by default will be rendered against you.

BAUER & METRO, P.C.

BY:     /S/ ROBERT S. METRO_____
        Robert S. Metro, Esq.
        Post Office Box 7965
        Hilton Head, SC 29938
        (843) 842-5297
        rmetro@bauerandmetro.com

ATTORNEYS FOR PLAINTIFFS

March 5, 2020
Hilton Head, South Carolina

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT | ) | |
| | ) | |
| Cheryl A. Munday and Margaret Devine, | ) | |
| on behalf of themselves and others | ) | Civil Action No. 2020-CP-07-_____ |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **CLASS ACTION COMPLAINT** |
| | ) | |
| Beaufort County, Philip Foot, Quandara, | ) | *(JURY TRIAL DEMANDED)* |
| Grant, John Does 1-5 and Jane Does 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

1.     This action concerns the manner in which inmates are searched at the Beaufort County Detention Center in Beaufort, South Carolina, and alleges, among other things, violations of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution and their corollaries under the South Carolina Constitution.

2.     The main issue raised by this action is the equal protection rights of women whom the Beaufort County Detention Center routinely subject to humiliating strip and body cavity searches in violation of the Constitutions and laws of the United States and State of South Carolina.

3.     A specific concern is that female inmates at the Beaufort County Detention Center are subjected to degrading and unnecessary strip and body cavity searches under circumstances and conditions when male inmates are not.

4.     The named Plaintiffs, Cheryl A. Munday ("Munday") and Margaret Devine ("Devine") seek to represent a class of all women who have been admitted to the Beaufort County Detention Center while waiting for bail to be set or for an initial court appearance, women who

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

have been arrested on default warrants and held in the Beaufort County Detention Center, and women who have been held in protective custody in the Beaufort County Detention Center. Included in this proposed class are women who have been taken into custody by Beaufort County Sheriff's Office and other local law enforcement agencies in Beaufort County, South Carolina, and then transported to the Beaufort County Detention Center. These women have all been unlawfully subjected to routine strip searches, including degrading visual body cavity searches of their anuses and vaginas.

5.      Plaintiff's claims arise out of acts of the Beaufort County Detention Center in the County of Beaufort, State of South Carolina. Venue is therefore proper in Beaufort County.

## PARTIES

6.      Plaintiffs are female residents of Beaufort County, South Carolina.

7.      Defendant Beaufort County ("County") is a political subdivision of the State of South Carolina and owns and operates the Beaufort County Detention Center ("BCDC"). County is responsible for BCDC policies, practices, and/or customs which caused Plaintiffs' injuries in violation of one or more federal constitutional guarantees.

8.      Defendant Philip Foot ("Foot") is a citizen and resident of Beaufort County, South Carolina, and is Assistant County Administrator for Public Safety Division who oversees BCDC. Foot is sued in his individual and official capacities.

9.      Defendant Quandara Grant ("Grant") is a citizen and resident of Beaufort County, South Carolina, and is the director of BCDC. Grant is sued in her individual and official capacities.

10.      Defendants John Does 1-5 (collectively, "BCDC Supervisory Defendants") were and are now responsible for the training, supervision, control, assignment, and discipline of both sworn and civilian personnel of the County who work in, operate, administer, and manage BCDC,

and for the formulation, promulgation, adoption, application, administration, and enforcement of the policies, rules, regulations, and practices of BCDC.  At this time, Plaintiffs do not know the identities and capacities of the BCDC Supervisory Defendants and therefore sue these Defendants by fictitious names.  Plaintiffs will seek to amend this Complaint to include one of more of the BCDC Supervisory Defendants' true names and capacities when ascertained.

11.     Defendants Jane Does 1-5 (collectively, "BCDC Officer Defendants") were at all times relevant herein employees of the County who worked as correctional officers at BCDC.  At this time, Plaintiffs do not know the identities of the BCDC Officer Defendants and therefore sue these Defendants by fictitious names.  Plaintiffs will seek to amend this Complaint to include one of more of the BCDC Officer Defendants' true names when ascertained.

12.     Upon information and belief, at all times relevant herein, the BCDC Supervisory Defendants and the BCDC Officer Defendants participated in, approved, and/or ratified the unconstitutional or illegal acts that occurred within BCDC which are complained of herein.

13.     At all times relevant herein, the individual Defendants were the agents, servants, and employees of the County and either were acting within the scope of their agency and employment with the knowledge and consent of the County or, alternatively, were acting in their individual capacities.  Plaintiffs plead this in the alternative because, until further discovery is conducted on this topic (including issues of applicable policies and procedures, notice and knowledge, and ratification), they cannot allege these facts with certainty.

14.     At all times herein, Defendants were acting under the color of state law.

**CLAIMS OF CLASS REPRESENTATIVES**

**Cheryl Munday**

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

15.     Munday was arrested by the Bluffton Police Department on or about March 9, 2018, and accused of driving under the influence, a charge that was later dismissed. Her arresting officer delivered her to the BCDC and into the custody of one or more BCDC Officer Defendants to begin the booking process.

16.     At the onset of the booking process, one of the BCDC Officer Defendants reviewed Munday's personal information and commented, "you look great." The comment, made to the dismay of a nearby supervising officer who was also a BCDC Officer Defendant, was about Munday's physical appearance considering her age. The officer's inappropriate comment was announced just prior to Plaintiff being informed that she was subject to a full body "pat down."

17.     A BCDC Officer Defendant then initiated a full body pat down procedure while Munday's clothing remained on. The officer placed her hands on Munday's ankles and worked her way up the legs. The officer grabbed Munday's crotch with great force, and slowly ran a finger along Munday's vaginal area. The officer inserted a finger into Munday's vagina as far as it would go until clothing prevented it from going further. The pat down continued to Munday's upper body where the officer attempted to insert her hands under Munday's bra.

18.     Next, Munday was taken to a small area known as the "strip-search room" and required to remove her clothing. While nude, Munday was required to bend over, manually spread her buttocks and ordered to cough. Munday complied but was asked to repeat the humiliating procedure several times. For some unknown reason, the BCDC Officer Defendant requiring her to do so became angry and started shouting. Throughout the duration of the humiliating search, the door remained open so that any passersby could peer in and see Munday's naked body while bending over.

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

19.    Munday was led back to the main lobby where she witnessed a male arrestee being booked in.  The male arrestee was patted from the knees down only.  The officer did not search the man's groin or buttocks.  The man was not strip-searched like females were.  He was handed jail clothing and directed to change in an adjacent room.

### Margaret Devine

20.    Devine was arrested by the South Carolina Highway Patrol on or about January 17, 2019, and accused of driving under the influence, a charge that was later dismissed.  She was transported to BCDC and into the custody of one or more BCDC Officer Defendants to begin the booking process.

21.    Devine's personal belongings were confiscated including her purse, wallet, jewelry, cell phone and cash.  A BCDC officer then initiated a full body pat down while Devine's clothing remained on.

22.    Devine was led to a shower stall and required to remove her clothing.  The shower stall was open so that passers-by were able to see in.  Once Devine was nude, two BCDC guards instructed her to turn around, face a wall and bend over from the waist so that her backside and genitalia were fully exposed.  Devine was ordered to cough.

23.    Devine was humiliated but complied.  Despite her compliance, the officers ordered her to "cough harder and louder."  She again complied.  Then, she was ordered to take a shower while the guards watched.

24.    The BCDC guards were again dissatisfied and required Devine to shower again, this time making sure to wet her hair completely.  Devine was humiliated, demeaned and demoralized.

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

## CLASS ACTION ALLEGATIONS

### A. Common Factual Allegations

25.    Plaintiffs are informed and believe that women are routinely strip-searched and forced to undergo visual body cavity searches, in the manner described above, when booked into BCDC.

26.    Plaintiffs are informed and believe that women are routinely strip-searched and forced to undergo visual body cavity searches, in the manner described above, when they are first placed in general population.

27.    Plaintiffs are informed and believe that men are not routinely strip-searched and forced to undergo visual body cavity searches, in the manner described above, when they are booked into BCDC.

28.    Plaintiffs are informed and believe that men are not routinely strip-searched and forced to undergo visual body cavity searches, in the manner described above, when they are first placed in general population.

29.    On information and belief, Plaintiffs allege the strip and/or visual body cavity searches to which Plaintiffs and class members were subjected were performed pursuant to Defendants' policy and practice to indiscriminately search all or a large number of women but not men being processed into the jail without regard to: (a) The nature of their offense or criminal history; (b) Whether they are under an order of release; (c) Whether they have had contact with any persons from outside BCDC who could reasonably be believed to be a potential source of contraband or weapons; (d)  Whether there is a reason of any kind to believe they are a potential

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

source of contraband or weapons; (e) Whether there is any other articulable justification for Defendants' indiscriminate strip and body search policy; and (f) Whether there is any legitimate reason to strip-search women but not men, as set forth herein.

30.     On information and belief, Defendants have a policy of not limiting to those who are necessary for the procedure the persons who can see, hear, or observe all or part of the strip and body cavity searches. Thus, other officers or jail employees, members of the opposite sex, dispensable jail personnel, and possibly others are able to see, hear, or observe some or all of the searches described above.  Specifically, class members are required to submit to strip-searches during which other people who are not participating in the same and/or are of the opposite sex, including jail staff, are able to observe the search and the class members' naked bodies.

31.     Plaintiffs bring this action on their own behalves, and on behalf of a class of all other persons similarly situated, pursuant to Rule 23 of the South Carolina Rules of Civil Procedure.  The class is defined as those women who were forced to undergo the unlawful strip and/or visual body cavity searches at BCDC which are operated, maintained, and under the control of Beaufort County as set forth in this Complaint; to wit, searches that violated the Fourth Amendment or its South Carolina equivalent or searches that violated the equal protection of the law due to the fact that the policy and custom of strip-searches was applied to women, but not to men.

**B.  Rule 23 Prerequisites**

      **i.       Numerosity**

32.     In accordance with South Carolina Rule of Civil Procedure 23(a), the members of the class are so numerous that joinder of all members is impracticable.  Plaintiffs do not know the exact number of class members.  Plaintiffs are informed and believe, and thereon alleges, that there

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

are hundreds, perhaps thousands, who were subjected to strip and/or body cavity searches as a result of Defendants' policy and practice of indiscriminately subjecting prisoners to strip and body cavity searches.  Plaintiffs are informed and believe, and thereon allege, that the numbers of persons in the proposed class is in the hundreds or thousands.

> **ii.     Common Issues of Fact or Law**

33.     In accordance with South Carolina Rule of Civil Procedure 23(a), there are questions of fact common to the class.  Plaintiffs are informed and believe, and thereon allege, that the commons questions of fact include, but are not limited to the following: (1) Whether BCDC routinely subjects all prisoners to strip and/or body cavity searches without any reasonable suspicion, based on specific or articulable facts, to believe any particular inmate has concealed drugs, weapons, and/or any contraband on her person or in her body cavities; (2) Whether the strip and/or body cavity searches are conducted in an area of privacy so that the search cannot be observed by persons not participating in the search or whether the strip and body cavity searches are conducted in areas where they may be observed by persons not participating in the searches; (3) Whether females are subjected to strip and/or body cavity searches when males are not; and (4) Whether females are subjected to strip and/or body cavity searches under conditions which are more intrusive than males.

34.     In accordance with South Carolina Rule of Civil Procedure 23(a), there are questions of law common to the class.  Plaintiffs are informed and believe and, thereon allege, that the commons questions of law include, but are not limited to, the following:  (1) Whether BCDC may indiscriminately conduct strip and/or body cavity searches of inmates without there being any reasonable suspicion, based on specific or articulable facts, to believe any particular inmate has concealed drugs, weapons, and/or any contraband on her person or in her body cavities; (2)

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

Whether BCDC may conduct strip and/or body cavity searches of inmates in open areas where they may be observed by persons not participating in the searches; (3) Whether BCDC's policy of subjecting persons to strip and/or body cavity searches violates Title 24 of the South Carolina Code of Laws including, without limitation, S.C. Code Ann. § 24-5-90; (4) Whether BCDC's policy of subjecting persons to strip and/or body cavity searches in an area which is not an "area of privacy" violates Title 24 of the South Carolina Code of Laws including, without limitation, S.C. Code Ann. § 24-5-90; (5) Whether the conduct described above violates the Fourth and/or Fourteenth Amendments and/or the South Carolina Constitution Article; (6) Whether the conduct described above constitutes a policy or custom of Defendants; and (7) Whether any individual Defendant is entitled to qualified immunity on the federal claims, or state law immunity on the state law claims, for the practices complained of herein.

### iii.     Typicality

35.     In accordance with South Carolina Rule of Civil Procedure 23(a), the claims of the representative Plaintiffs are typical of the class.  Class Plaintiffs were in BCDC custody when they were subjected to strip and/or body cavity searches of inmates without any reasonable suspicion based on specific or articulable facts to believe that they had concealed drugs, weapons, and/or contraband in their body cavities; Class Plaintiffs were subjected to the searches in open areas where others could observe who were not involved in the search, including members of the opposite sex; Class Plaintiffs were forced to stand naked in unsanitary areas; and females were subjected to strip and/or body cavity searches under conditions which were more intrusive and less sanitary than males.

36.     Thus, Plaintiffs Munday and Devine have the same interests and has suffered the same type of damages as the class members.  Plaintiffs' claims are based upon the same or similar

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

legal theories as the claims of the class members. Each class member suffered actual damages as a result of being subjected to a strip and/or body cavity search. The actual damages suffered by Plaintiffs are similar in type to the actual damages suffered by each class member.

37.    In accordance with South Carolina Rule of Civil Procedure 23(a), Munday and Devine, as the representative Plaintiffs, will fairly and adequately protect the interests of the class. Their interests are consistent with and not antagonistic to the interests of the class.

### iv.    Maintenance and Superiority

38.    In accordance with South Carolina Rule of Civil Procedure 23(b)(1)(A), prosecutions of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class.

39.    In accordance with South Carolina Rule of Civil Procedure 23(b)(1)(B), prosecutions of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, substantially impair or impeded the interests of the other members of the class to protect their interests.

40.    In accordance with South Carolina Rule of Civil Procedure 23(b)(2), Plaintiffs are informed and believe, and thereon allege, that Defendants have acted on grounds generally applicable to the class.

41.    In accordance with South Carolina Rule of Civil Procedure 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and this class action is superior to other available methods for the fair and efficient adjudication of the controversy between the parties. Plaintiffs are informed and believe,

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

and thereon allege, that the interests of class members in individually controlling the prosecution of a separate action is low in that most class members would be unable to individually prosecute any action at all. Plaintiffs are informed and believe, and thereon allege, that the amounts at stake for individuals are such that separate suits would be impracticable in that most members of the class will not be able to find counsel to represent them. Plaintiffs are informed and believe, and thereon allege, that it is desirable to concentrate all litigation in one forum because all of the claims arise in the same location. It will promote judicial efficiency to resolve the common questions of law and fact in one forum rather than in multiple courts.

42.     Plaintiffs do not know the identities of the class members. Plaintiffs are informed and believe, and thereon allege, that the identities of the class members are ascertainable from BCDC records, in particular the computer system used to track and identify BCDC inmates. Plaintiffs are informed and believe, and thereon allege, that Defendants possess the identities, including addresses and telephone numbers, of the persons who have been held in custody at BCDC; when inmates were arrested and booked, taken to court, and returned from court; why inmates were released; and when inmates were released.

43.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. The class action is superior to any other available means to resolve the issues raised on behalf of the class. The class action will be manageable because so many different records systems exist from which to ascertain the members of the class. Liability can be determined on a class-wide basis.

44.     In accordance with South Carolina Rule of Civil Procedure 23(b)(3), class members must be furnished with the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable efforts. Plaintiffs are informed

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

and believe that BCDC computer records contain a last known address for class members. Plaintiffs contemplate that individual notice will be given to class members at such last known address by first class mail. Plaintiffs contemplate that the notice will inform class members of the following:

A. The pendency of the class action, and the issues common to the class;

B. The nature of the action;

C. Their right to "opt out" of the action within a given time, in which event they will not be bound by a decision rendered in the class action;

D. Their right, if they do not "opt out", to be represented by their own counsel and enter an appearance in the case; otherwise they will be represented by the named Plaintiffs and their counsel; and,

E. Their right, if they do not "opt out", to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues, adverse to the class.

**COUNT ONE-42 U.S.C. §1983 [FOURTH AMENDMENT]- ALL DEFENDANTS**

45.     Plaintiffs restate and incorporates by reference each of the foregoing and ensuing paragraphs in each of the following causes of action as if each paragraph was fully set forth therein.

46.     In subjecting Plaintiffs and class members to the unnecessary, demeaning, outrageous, and intrusive strip and body cavity search, Defendants violated Plaintiffs' and class members' rights to be secure in their persons against unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Therefore, Plaintiffs and class members are entitled to bring suit and recover damages pursuant to 42 U.S.C. §1983.

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

47.    The aforementioned acts of Defendants proximately caused Plaintiffs to be deprived of her rights as stated above, thereby entitling Plaintiffs and the class to damages in amounts to be proven at trial.

48.    Given the nature of the individual Defendants' conduct, Plaintiffs and class members are entitled to an award of punitive damages against them.

49.    Plaintiffs and the class are also entitled an award of attorney's fees and costs under 42 U.S.C. §1988.

**COUNT TWO-42 U.S.C. §1983 [EQUAL PROTECTION]- ALL DEFENDANTS**

50.    Plaintiffs restate and incorporate by reference each of the foregoing and ensuing paragraphs in each of the following causes of action as if each paragraph was fully set forth therein.

51.    The unequal treatment of men and women – and the unnecessary, demeaning, outrageous, and intrusive strip and body cavity searches inflicted on women but not men – deprived the female class members of the protections afforded by the equal protection guarantees of the 14th Amendment.  Therefore, Plaintiffs and class members are entitled to bring suit and recover damages pursuant to 42 U.S.C. §1983.

52.    The aforementioned acts of Defendants proximately caused Plaintiffs to be deprived of their rights as stated above, thereby entitling Plaintiffs and the class to damages in amounts to be proven at trial.

53.    Given the nature of the individual Defendants' conduct, Plaintiffs and class members are entitled to an award of punitive damages against them.

54.    Plaintiffs and the class are also entitled an award of attorney's fees and costs under 42 U.S.C. §1988.

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

## COUNT THREE – ARTICLE I, §10 OF THE SOUTH CAROLINA CONSTITUTION [PRIVACY/FOURTH AMENDMENT ANALOGUE]- ALL DEFENDANTS

55.     Plaintiffs restate and incorporate by reference each of the foregoing and ensuing paragraphs in each of the following causes of action as if each paragraph was fully set forth therein.

56.     The unnecessary, demeaning, outrageous, and intrusive strip and body cavity searches to which Plaintiffs and class members were subjected violated Plaintiffs' rights not to be subjected to invasion of their fundamental privacy interests, as guaranteed by Article I, §10 of the South Carolina Constitution and their rights to be secure in their persons against unreasonable searches and seizures as guaranteed by Article 1, §10 of the South Carolina Constitution.

57.     The aforementioned acts of Defendants proximately caused Plaintiffs and the class members to be deprived of their rights as stated above, thereby entitling Plaintiffs and the class to damages in amounts to be proven at trial.

## COUNT FOUR – ARTICLE I, §3 OF THE SOUTH CAROLINA CONSTITUTION [ EQUAL PROTECTION] – ALL DEFENDANTS

58.     Plaintiffs restate and incorporate by reference each of the foregoing and ensuing paragraphs in each of the following causes of action as if each paragraph was fully set forth therein.

59.     The unequal treatment of men and women violated Plaintiffs' and the class members' rights to equal protection of the law, as guaranteed by Article I, §3 of the South Carolina Constitution and to be secure in their persons against unreasonable searches and seizures as guaranteed by Article 1, §10 of the South Carolina Constitution.

60.     The aforementioned acts of Defendants proximately caused Plaintiffs and the class members to be deprived of their rights as stated above, thereby entitling Plaintiffs and the class to damages in amounts to be proven at trial.

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

**COUNT FIVE – NEGLIGENT DEPRIVATION OF STATUTORY RIGHTS**
**[SCTCA – NEGLIGENCE *PER SE*] – DEFENDANT COUNTY**

61.     Plaintiffs restate and incorporate by reference each of the foregoing and ensuing paragraphs in each of the following causes of action as if each paragraph was fully set forth therein.

62.     Under South Carolina Code Ann. § 24-5-90, prisoners placed in the custody of the sheriff or local governing body have the right to be free from discriminatory treatment.

63.     Foot, Grant, the BCDC Supervisory Defendants, and the BCDC Officer Defendants negligently failed to protect Plaintiffs' and, upon information and belief, other class members', privacy during strip-searches by failing to insure that doors were closed and to eliminate other means of improper observation.

64.     Foot, Grant, the BCDC Supervisory Defendants, and the BCDC Officer Defendants negligently failed to insure that Plaintiffs and, upon information and belief, other class members, were afforded their right to be free from discriminatory treatment.

65.     Foot, Grant BCDC Supervisory Defendants knew, or should have known, that Beaufort County Officer Defendants were deliberately indifferent to the rights of Plaintiffs and other class members to be free from the constitutional violations set forth herein.

66.     As a direct and proximate result of Grant's, the BCDC Supervisory Defendants', and the BCDC Officer Defendants' negligence, Plaintiffs and other class members sustained personal injuries and damages.

67.     Under the doctrine of respondent superior, County should be held liable to Plaintiffs and class members given Grant's, the BCDC Supervisory Defendants', and the BCDC Officer Defendants' negligence as aforesaid.

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

**COUNT SIX – RECKLESS INFLICTION OF EMOTIONAL DISTRESS [OUTRAGE] – DEFENDANT COUNTY**

68.     Plaintiffs restate and incorporate by reference each of the foregoing and ensuing paragraphs in each of the following causes of action as if each paragraph was fully set forth therein.

69.     Under South Carolina Code Ann. § 24-5-90, prisoners placed in the custody of the sheriff or local governing body have the right to be free from discriminatory treatment.

70.     Foot, Grant, the BCDC Supervisory Defendants, and the BCDC Officer Defendants have recklessly discriminated in their treatment of Plaintiffs and, upon information and belief, other class members, based on their gender.

71.     Plaintiffs are informed and believe that women are routinely strip-searched and forced to undergo visual body cavity searches, in the manner described above, when booked into BCDC.

72.     Plaintiffs are informed and believe that men are not routinely strip-searched and forced to undergo visual body cavity searches, in the manner described above, when they are booked into BCDC.

73.     Plaintiffs are informed and believe that men are not routinely strip-searched and forced to undergo visual body cavity searches, in the manner described above, when they are first placed in general population.

74.     The conduct of Foot, Grant, the BCDC Supervisory Defendants, and the BCDC Officer Defendants as aforesaid was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

75.     The conduct of Foot, Grant, the BCDC Supervisory Defendants, and the BCDC Officer Defendants as aforesaid was reckless.

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

76.     Foot, Grant, the BCDC Supervisory Defendants, and the BCDC Officer Defendants knew, should have known, and/or should have been substantially certain that their conduct would result in severe emotional distress to Plaintiffs and other class members.

77.     The conduct of Foot, Grant, the BCDC Supervisory Defendants, and the BCDC Officer Defendants as aforesaid directly and proximately caused Plaintiffs and class members to suffer emotional distress so severe that no reasonable person could be expected to endure it.

78.     At the time Foot, Grant, the BCDC Supervisory Defendants, and the BCDC Officer Defendants engaged in the conduct as aforesaid, they were acting under color of law, either individually or, alternatively, within the course and scope of their employment with BCDC and County.

79.     To the extent the acts of Foot, Grant, the BCDC Supervisory Defendants, and the Beaufort County Officer Defendant were committed within the scope of their employment, under the doctrine of respondent superior, County should be held liable to Plaintiffs and class members given Grant's, the BCDC Supervisory Defendants', and the BCDC Officer Defendants reckless infliction of emotional distress as aforesaid.

### COUNT SEVEN – ASSAULT – ALL DEFENDANTS

80.     Plaintiffs restate and incorporate by reference each of the foregoing and ensuing paragraphs in each of the following causes of action as if each paragraph was fully set forth herein.

81.     The facts set forth above demonstrate that Plaintiffs were placed in reasonable fear of immediate harmful, unwanted and offensive touching by Beaufort County Officer Defendants while Beaufort County Supervisory Defendants supervised.

82.     As a direct and proximate result of Defendants' assaults and conduct described above, Plaintiffs suffered damages.

83.     The conduct of Foot, Grant, Beaufort County Supervisory Defendants and Beaufort County Officer Defendants was committed during the course and scope of their employment with the County or, alternatively, in their individual capacities.

84.     The assault on Plaintiffs was ratified by the County.

85.     To the extent the conduct of Foot, Grant, the BCDC Supervisory Defendants, and the Beaufort County Officer Defendant were committed within the scope of their employment, the County is vicariously liable for the assaults and conduct described above.

86.     Based on the foregoing, Plaintiffs are entitled to recover damages against Defendants.

## COUNT EIGHT – BATTERY – AGAINST BEAUFORT COUNTY OFFICER DEFENDANTS AND BEAUFORT COUNTY

87.     Plaintiffs restate and incorporate by reference each of the foregoing and ensuing paragraphs in each of the following causes of action as if each paragraph was fully set forth herein.

88.     Without consent of Munday, a Beaufort County Officer Defendant willfully and maliciously sexually assaulted Munday at BCDC.

89.     The Beaufort County Officer Defendant intended to cause harmful and sexually offensive contact directly with Munday's sexual body parts, contact that offends a reasonable sense of personal dignity.

90.     The Beaufort County Officer Defendant intended to cause a harmful and offensive contact with Munday by the use of hands to make contact directly with Munday's sexual body parts.

91.     Munday was harmed by the Beaufort County Officer Defendant's conduct.

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP070700604

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

92.     To the extent the acts of the Beaufort County Officer Defendant who sexually assaulted Munday were committed within the scope of her employment, the County should be held vicariously liable under the doctrine of *respondeat superior*.

93.     Based on the foregoing, Munday is entitled to recover damages against the Beaufort County Officer Defendant who sexually assaulted Munday and the County.

### COUNT NINE – NEGLIGENCE – ALL DEFENDANTS

94.     Plaintiffs restate and incorporate by reference each of the foregoing and ensuing paragraphs in each of the following causes of action as if each paragraph was fully set forth herein.

95.     Defendants owed duties to Plaintiffs as follows:

a.   To meet the Minimum Standards for Local Detention Facilities in South Carolina established by the South Carolina Association of Counties;

b.   To follow the jail policies and intake procedures adopted by BCDC;

c.   To provide a safe, secure environment for the incarceration of persons admitted to BCDC;

d.   To comply with Federal and State regulations on the operation of BCDC and in the performance of the staffs' official duties;

e.   To provide quality training for all staff in accordance with State and Federal Guidelines and Accreditation standards including, but not limited to, the American Correctional Association's operational standards

f.   To establish and enforce a policy for strip searches that is consistent with the Constitutions and laws of the United States of America and State of South Carolina;

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

g.  To supervise and train Beaufort County Supervisory Defendants and Beaufort County Officer Defendants as to how and when to conduct searches;

h.  To supervise and train Beaufort County Supervisory Defendants and Beaufort County Officer Defendants to meet the Minimum Standards for Local Detention Facilities in South Carolina established by the South Carolina Association of Counties and adopted by the Department of Corrections;

i.  To supervise and train Beaufort County Supervisory Defendants and Beaufort County Officer Defendants to comply with the jail policies and intake procedures adopted by BCDC;

j.  To conduct all searches in a professional manner and in compliance with applicable case law, American Correctional Association Standards, and any applicable state or federal statutes, rules, and/or regulations;

k.  To ensure that searches are only conducted by employees who have satisfactorily completed basic certification training related to searches;

l.  To train Beaufort County Supervisory Defendant and Beaufort County Officer Defendants to protect the rights of Plaintiffs and members of the class as afforded by the Constitutions and laws of the United States of America and State of South Carolina;

m.  To refrain from conducting searches in manner that causes harmful and sexually offensive contact directly with sexual body parts;

n.  To exercise reasonable care for the safety of Plaintiffs and members of the Class;

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

96.    Defendants breached their duties to Plaintiffs and members of the class in one or more of the following particulars:

a.   Failing to comply with and abide by their own plans, procedures, and protocols for the safe operation of BCDC;

b.   Failing to meet the Minimum Standards for Local Detention Facilities in South Carolina established by the South Carolina Association of Counties;

c.   Failing to follow jail policies and intake procedures adopted by BCDC;

d.   Failing to comply with Federal and State regulations on the operation of BCDC and in the performance of the staffs' official duties;

e.   Failing to provide quality training for all staff in accordance with State and Federal Guidelines and Accreditation standards including, but not limited to, the American Correctional Association's operational standards

f.   Failing to establish and enforce a policy for strip searches that is consistent with the Constitutions and laws of the United States of America and State of South Carolina;

g.   Failing to supervise and train Beaufort County Supervisory Defendants and Beaufort County Officer Defendants as to how and when to conduct searches;

h.   Failing to supervise and train Beaufort County Supervisory Defendants and Beaufort County Officer Defendants to meet the Minimum Standards for Local Detention Facilities in South Carolina established by the South Carolina Association of Counties and adopted by the Department of Corrections;

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP070000604

i.   Failing to supervise and train Beaufort County Supervisory Defendants and Beaufort County Officer Defendants to comply with the jail policies and intake procedures adopted by BCDC;

j.   Failing to conduct all searches in a professional manner and in compliance with applicable case law, American Correctional Association Standards, and any applicable state or federal statutes, rules, and/or regulations;

k.   Failing to ensure that searches are only conducted by employees who have satisfactorily completed basic certification training related to searches;

l.   Failing to train Beaufort County Supervisory Defendant and Beaufort County Officer Defendants to protect the rights of Plaintiffs and members of the class as afforded by the Constitutions and laws of the United States of America and State of South Carolina;

m.   Failing to refrain from conducting searches in manner that causes harmful and sexually offensive contact directly with  sexual body parts;

n.   Failing to exercise reasonable care for the safety of Plaintiffs and members of the Class;

97.    Defendants breaches of duties aforesaid constitute negligence, negligence per se, recklessness, and gross negligence.

98.    As a proximate and legal result of Defendants' negligence, negligence *per se*, recklessness, and gross negligence, it has been necessary for Plaintiffs and members of the Class to incur expenses and other special damages in an amount to be proven at trial;

99.    Plaintiffs and members of the Class have directly and proximately sustained damages as a result of Defendants' negligence.

ELECTRONICALLY FILED - 2020 Mar 06 2:17 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

100.     As a proximate and legal result of Defendants' negligence, negligence *per se*, recklessness, and gross negligence, Plaintiffs and members of the Class are entitled to an award of their actual and consequential damages, in amounts to be proven at time of trial;

101.     Defendants' conduct was undertaken grossly negligently and with reckless disregard for the foreseeable consequences to Class Plaintiffs.

102.     Defendants' conduct therefore justifies and award of exemplary or punitive damages.

**WHEREFORE,** Plaintiffs, on behalf of themselves and others similarly situated, pray for judgment in their favor against Defendants as follows:

1. General, special, and consequential damages in an amount to be proven at trial;

2. As against the individual Defendants, punitive damages according to proof;

3. Attorney's fees and costs under 42 U.S.C. §1988 and whatever other statute or law may applicable; and

4. For such other and further relief as the Court may deem just and proper.

BAUER & METRO, P.C.


BY:     /S/ ROBERT S. METRO
        Robert S. Metro, Esq.
        Post Office Box 7965
        Hilton Head, SC 29938
        (843) 842-5297
        rmetro@bauerandmetro.com

        ATTORNEYS FOR PLAINTIFFS

March 5, 2020
Hilton Head, South Carolina

ELECTRONICALLY FILED - 2020 Jun 03 3:07 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

STATE OF SOUTH CAROLINA        )   IN THE COURT OF COMMON PLEAS
                               )
COUNTY OF BEAUFORT             )   CIVIL ACTION NO: 2020-CP-07-00604


Cheryl A. Munday and Margaret     )
Devine, on behalf of themselves and )
others similarly situated,        )
                                  )
            Plaintiffs,           )   **DEFENDANTS' ANSWER TO**
                                  )   **PLAINTIFFS' COMPLAINT**
vs.                               )
                                  )
Beaufort County, Philip Foot,     )
Quandara Grant, John Does 1-5 and )
Jane Does 1-5,                    )
                                  )
            Defendants.           )

The Defendants, Beaufort County, Jane Doe 1-5, John Doe 1-5, Philip Foot and Quandara Grant, answering the Complaint of the Plaintiff would allege unto this Honorable Court as follows:

## FOR A FIRST DEFENSE

1.      That each and every allegation contained in the Plaintiffs' Complaint not specifically admitted hereinafter is denied and strict proof demanded thereof.

2.      Paragraphs 1 through 4 of Plaintiffs' Complaint fail to state an allegation of fact against these Defendants, and accordingly, an Answer is not required. To the extent an allegation of fact is alleged these Defendants deny the same.

3.      These Defendants admit the allegations contained in Paragraph 5 of the Plaintiffs' Complaint.

ELECTRONICALLY FILED - 2020 Jun 03 3:07 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP070000604

4.      These Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 6 of the Plaintiffs' Complaint, and accordingly, denies each and every allegation, and demands strict proof thereof.

5.      These Defendants admit only so much of Paragraph 7 of the Plaintiffs' Complaint as alleges that Beaufort County is a political subdivision of the State of South Carolina and owns and operates the Beaufort County Detention Center. These Defendants deny any remaining allegations contained in Paragraph 7 of the Plaintiffs' Complaint, and demand strict proof thereof.

6.      These Defendants admit the allegation contained in Paragraphs 8 and 9 of the Plaintiffs' Complaint.

7.      These Defendants lack sufficient information to form a belief as to the allegations contained in Paragraphs 10 and 11 of the Plaintiffs' Complaint, and accordingly, denies each and every allegation, and demands strict proof thereof.

8.      These Defendants deny the allegations contained in Paragraph 12 of the Plaintiffs' Complaint, and demands strict proof thereof.

9.      These Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 13 of the Plaintiffs' Complaint, and accordingly, denies each and every allegation, and demands strict proof thereof.

10.      These Defendants admit the allegations contained in Paragraph 14 and 15 of the Plaintiffs' Complaint.

11.      These Defendants deny the allegations contained in Paragraph 16 of the Plaintiffs' Complaint, and demands strict proof thereof.

ELECTRONICALLY FILED - 2020 Jun 03 3:07 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

12.     These Defendants admit only so much of Paragraph 17 of the Plaintiffs' complaint as alleges BCDC officer performed a pat down search according to BCDC policy and procedure. These Defendants deny all remaining allegations contained in Paragraph 17 of the Plaintiffs' Complaint, and demands strict proof thereof.

13.     These Defendants admit only so much of Paragraph 18 of the Plaintiffs' complaint as alleges BCDC officer performed a strip search according to BCDC policy and procedure. These Defendants deny all remaining allegations contained in Paragraph 18 of the Plaintiffs' Complaint, and demands strict proof thereof.

14.     These Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 19 of the Plaintiffs' Complaint, and accordingly, denies each and every allegation, and demands strict proof thereof.

15.     These Defendants admit the allegations contained in Paragraphs 20 and 21 of the Plaintiffs' Complaint.

16.     These Defendants deny the allegations contained in Paragraph 22 of the Plaintiffs' Complaint, and demands strict proof thereof.

17.     These Defendants lack sufficient information to form a belief as to the allegations contained in Paragraphs 23 and 24 of the Plaintiffs' Complaint, and accordingly, denies each and every allegation, and demands strict proof thereof.

18.     These Defendants admit only so much of Paragraph 25 as alleges women are routinely strip searched as they are held in general population. These

ELECTRONICALLY FILED - 2020 Jun 03 3:07 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

Defendants deny any remaining allegations contained in Paragraph 25, and demand strict proof thereof.

19.     These Defendants admit the allegations contained in Paragraphs 26 and 27 of the Plaintiffs' Complaint.

20.     These Defendants deny the allegations contained in Paragraph 28 of the Plaintiffs' Complaint, and demands strict proof thereof.

21.     These Defendants admit only so much of Paragraph 29 of the Plaintiffs' Complaint as alleges women are routinely strip searched prior to being held in general population. These Defendants deny all remaining allegations contained in Paragraph 29 of the Plaintiffs' Complaint, and demand strict proof thereof.

22.     These Defendants deny the allegations contained in Paragraph 30 of the Plaintiff's Complaint, and demands strict proof thereof.

23.     Paragraph 31 of Plaintiffs' Complaint fails to state an allegation of fact against these Defendants, and accordingly, an Answer is not required. To the extent an allegation of fact is alleged these Defendants deny the same.

24.     These Defendants deny the allegations contained in Paragraphs 32 through 36 of the Plaintiffs' Complaint, and demands strict proof thereof.

25.     These Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 37 of the Plaintiffs' Complaint, and accordingly, denies each and every allegation, and demands strict proof thereof.

26.     These Defendants deny the allegations contained in Paragraphs 38 through 41 of the Plaintiffs' Complaint, and demands strict proof thereof.

ELECTRONICALLY FILED - 2020 Jun 03 3:07 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

27.     Paragraphs 42 through 44 of Plaintiffs' Complaint fail to state an allegation of fact against these Defendants, and accordingly, an Answer is not required. To the extent an allegation of fact is alleged these Defendants deny the same.

### FOR A FIRST DEFENSE TO COUNT ONE-42 U.S.C. §1983 [FOURTH AMENDMENT] – ALL DEFENDANTS

28.     That in response to Paragraph 45 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

29.     These Defendants deny the allegations contained in Paragraphs 46 through 49 of the Plaintiffs' Complaint, and demands strict proof thereof.

### FOR A FIRST DEFENSE TO COUNT TWO-42 U.S.C. §1983 [EQUAL PROTECTION] – ALL DEFENDANTS

30.     That in response to Paragraph 50 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

31.     These Defendants deny the allegations contained in Paragraphs 51 through 54 of the Plaintiffs' Complaint, and demands strict proof thereof.

### FOR A FIRST DEFENSE TO COUNT THREE – ARTICLE I, §10 OF THE SOUTH CAROLINA CONSTITUTION [PRIVACY/FOURTH AMENDMENT ANALOGUE] – ALL DEFENDANTS

32.     That in response to Paragraph 55 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

33.     These Defendants deny the allegations contained in Paragraphs 56 and 57 of the Plaintiffs' Complaint, and demands strict proof thereof.

**FOR A FIRST DEFENSE TO COUNT FOUR – ARTICLE I, §3 OF THE SOUTH CAROLINA CONSTITUTION [EQUAL PROTECTION] – ALL DEFENDANTS**

34.     That in response to Paragraph 58 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

35.     These Defendants deny the allegations contained in Paragraphs 59 and 60 of the Plaintiffs' Complaint, and demands strict proof thereof.

**FOR A FIRST DEFENSE TO COUNT FIVE – NEGLIGENT DEPRIVATION OF STATUTORY RIGHTS [SCTCA – NEGLIGENCE *PER SE*] – DEFENDANT COUNTY**

36.     That in response to Paragraph 61 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

37.     Paragraph 62 of Plaintiffs' Complaint fails to state an allegation of fact against these Defendants, and accordingly, an Answer is not required. To the extent an allegation of fact is alleged these Defendants deny the same.

38.     These Defendants deny the allegations contained in Paragraphs 63 through 67 of the Plaintiffs' Complaint, and demands strict proof thereof.

**FOR A FIRST DEFENSE TO COUNT SIX – RECKLESS INFLICTION OF EMOTIONAL DISTRESS [OUTRAGE] – DEFENDANT COUNTY**

39.     That in response to Paragraph 68 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

ELECTRONICALLY FILED - 2020 Jun 03 3:07 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP070000604

ELECTRONICALLY FILED - 2020 Jun 03 3:07 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP070700604

40.    Paragraph 69 of Plaintiffs' Complaint fails to state an allegation of fact against these Defendants, and accordingly, an Answer is not required. To the extent an allegation of fact is alleged these Defendants deny the same.

41.    These Defendants deny the allegations contained in Paragraph 70 of the Plaintiffs' Complaint, and demands strict proof thereof.

42.    These Defendants admit only so much of Paragraph 71 as alleges women are strip searched when placed in general population. These Defendants deny any remaining allegations contained in Paragraph 71 and demand strict proof thereof.

43.    These Defendants admit only so much of Paragraph 72 as alleges men are strip searched when placed in general population. These Defendants deny any remaining allegations contained in Paragraph 72 and demand strict proof thereof.

44.    These Defendants deny the allegations contained in Paragraphs 73 through 77 of the Plaintiffs' Complaint, and demands strict proof thereof.

45.    These Defendants admit the allegations contained in Paragraph 78 of the Plaintiff's Complaint.

46.    These Defendants admit only so much of Paragraph 79 as alleges Defendants Foot, Grant, the BCDC Supervisory Defendants, and the Beaufort County Officer Defendant were in the scope of their employment. These Defendants deny any remaining allegations contained in Paragraph 79 and demand strict proof thereof.

**FOR A FIRST DEFENSE TO COUNT SEVEN – ASSAULT – ALL DEFENDANTS**

7

ELECTRONICALLY FILED - 2020 Jun 03 3:07 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

47.    That in response to Paragraph 80 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

48.    These Defendants deny the allegations contained in Paragraphs 81 and 82 of the Plaintiffs' Complaint, and demands strict proof thereof.

49.    These Defendants admit only so much of Paragraph 83 as alleges the Defendants Foot, Grant, Beaufort County Supervisory Defendants, and Beaufort County Officer Defendants were in the course and the scope of their employment. These Defendants deny any remaining allegations contained in Paragraph 83, and demand strict proof thereof.

50.    These Defendants deny the allegations contained in Paragraph 84 of the Plaintiffs' Complaint, and demands strict proof thereof.

51.    These Defendants admit only so much of Paragraph 85 as alleges the Defendants Foot, Grant, Beaufort County Supervisory Defendants, and Beaufort County Officer Defendants were in the course and scope of their employment. These Defendants deny any remaining allegations contained in Paragraph 85 and demand strict proof thereof.

52.    These Defendants deny the allegations contained in Paragraph 86 of the Plaintiffs' Complaint, and demands strict proof thereof.

**FOR A FIRST DEFENSE TO COUNT EIGHT – BATTERY – AGAINST BEAUFORT COUNTY OFFICER DEFENDANTS AND BEAUFORT COUNTY**

ELECTRONICALLY FILED - 2020 Jun 03 3:07 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

53.     That in response to Paragraph 87 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

54.     These Defendants deny the allegations contained in Paragraphs 88 through 93 of the Plaintiffs' Complaint, and demands strict proof thereof.

### FOR A FIRST DEFENSE TO COUNT NINE – NEGLIGENCE – ALL DEFENDANTS

55.     That in response to Paragraph 94 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

56.     These Defendants deny the allegations contained in Paragraphs 95 through 102 of the Plaintiffs' Complaint, and demands strict proof thereof.

### FOR A SECOND DEFENSE

57.     That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

58.     The Plaintiffs have failed to state facts sufficient to constitute a cause of action as to Counts 3, 4, 6, 7 and 8.

### FOR A THIRD DEFENSE

59.     That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

60.     To the extent alleged, SC Code Ann. §24-5-90 provides for no private right of action.

ELECTRONICALLY FILED - 2020 Jun 03 3:07 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP070060604

**FOR A FOURTH DEFENSE**

61.     That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

62.     These Defendants at no time violated any clearly established constitutional rights which were known or should have been known to them and acted, at all times, in good faith and, therefore, these individual Defendants are entitled to qualified immunity.

**FOR A FIFTH DEFENSE**

63.     That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

64.     These Defendants are immune from suit and/or protected from liability pursuant to the South Carolina Tort Claims Act. This Defendant does affirmatively plead the South Carolina Tort Claims Act, as well as its rights privileges, limitations and immunities as a full and complete defense to all causes of action asserted by the Plaintiff, including but not limited to §15-78-60 (5), (17), and (25).

**FOR A SIXTH DEFENSE**

65.     That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

ELECTRONICALLY FILED - 2020 Jun 03 3:07 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700604

66.     That this Defendant would show that the South Carolina Tort Claims Act expressly precludes the recovery of punitive or exemplary damages, limiting the recovery to actual damages only.

## FOR A SEVENTH DEFENSE

67.     That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

68.     Defendants reserve the right to invoke the protections of S.C. Code Ann. § 15-1-310.

## FOR AN EIGHTH DEFENSE

69.     That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

70.     Defendants plead any and all applicable rights and protections afforded to them under the South Carolina Fairness in Civil Justice Act of 2011, codified at S.C. Code Ann. § 15-32-510 to § 15-32-540, as a defense to Plaintiffs' claims and/or request for an award of punitive damages, including, but not limited to, any and all limitations and/or reductions to punitive damages.

## FOR A NINTH DEFENSE

71.     That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

ELECTRONICALLY FILED - 2020 Jun 03 3:07 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP070000604

72.    Punitive damages, as currently awarded in South Carolina, violate the United States Constitution and South Carolina Constitution, as well as the holding of State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408, 123 S. Ct. 1513, 155 L.Ed.2d 585 (2003), and the cases upon which it is based.

### FOR A TENTH DEFENSE

73.    That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

74.    Pursuant to Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 522 U.S. 424, 121 S.Ct. 1678 (2001), if punitive damages are recoverable, which is denied, the amount of punitive damages "[are] not really a fact tried by the jury."

### FOR AN ELEVENTH DEFENSE

75.    That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

76.    The U.S. Constitution's Due Process Clause "forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly [do not] represent," Phillip Morris USA v. Williams, 127 S.Ct. 1057, 1063 (U.S. 2007), and therefore, to the extent that Plaintiffs seek an award of punitive damages for potential or speculative harm to

ELECTRONICALLY FILED - 2020 Jun 03 3:07 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP070000604

non-parties to the present action, such prayer for relief is unconstitutional and must be struck from the pleadings and is otherwise inadmissible at trial.

### FOR A TWELVE DEFENSE

77.     That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

78.     Notwithstanding the prior defenses incorporating Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 522 U.S. 424 (2001) and State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408 (2003), and the cases upon which they are based, in the event the trial court permits the jury to return a punitive damages award in the instant case, such damages are to be limited to an amount that is no greater than the jury's award of actual damages, as explicated within Exxon Shipping Company v. Baker, 128 S. Ct. 2605 (2008).

WHEREFORE, the Defendant prays this Honorable Court inquire into the matters set forth herein, and enter its Order dismissing this matter, with an award of attorneys fees and costs to the Defendant.

HOWELL, GIBSON & HUGHES, P.A.


By: s/Mary Bass Lohr
Mary Bass Lohr
Post Office Box 40
Beaufort, SC  29901-0040
(843) 522-2400
Attorney for Defendants

Beaufort, South Carolina

June 3, 2020