IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Cheryl A. Munday and Margaret Devine, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> -vs- <br><br> Beaufort County, Philip Foot, Quandara Grant, John Does 1-5 and Jane Does 1-5, <br><br> Defendants. | CIVIL ACTION NO.:9:20-cv-02144-DCN-MHC <br><br> **FEDERAL LOCAL RULE 26.03 ANSWERS** |

TO: ROBERT S. METRO AND BERT G. UTSEY, III, ESQUIRE, ATTORNEY FOR PLAINTIFF:

The Defendant(s) above named, pursuant to the Rules of Federal Procedure and pursuant to Local Rule 26.03, Rule 26(f) Report, of the U.S. District Court, states as follows:

1) <u>A short statement of the facts of the case.</u>

Response: The Plaintiffs allege that their rights (and the rights of the presumptive class) were violated when they were stripped searched prior to being placed in general population at the Beaufort County detention center.

2) <u>The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony;</u>

Response:

1

Quandara Grant is the Director of the Detention Center and will testify as to the policy behind the placement of female detainees and the requirement for strip searches.

Officer E. Colson was the booking officer for both Plaintiffs and was present at the time the allegations made by Plaintiffs occurred.

Officer J. Allmond was the search officer for Plaintiff Devine and was present at the time the allegations made by Plaintiff Devine occurred.

3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered);

Response: The defendant has not retained an expert witness at this time, but believes a witness in the operation and management of detention centers may be required.

4) A summary of the claims or defenses with statutory and/or case citations supporting the same;

Response: The search of female inmates going into general population in a detention center is not a violation of their constitutional rights. Florence v. Board of Chosen Freeholders, 566 U.S. 318 (2012), Court held that officials may strip-search individuals who have been arrested for any crime before admitting the individuals to jail, even if there is no reason to suspect that the individual is carrying contraband. Defendants acted in good faith and did not knowingly violate the rights of the Plaintiffs and should be entitled to qualified immunity.

5) Proposed dates for the following deadlines listed in Local Civil rule 16.02;

    a. Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

       Plaintiff : Jan. 26, 2021    Defendant: Feb. 15, 2021

    b. Completion of discovery. April 16, 2021

6) Special circumstances which would affect the time frames applied in preparing the scheduling Order.

Response: The certification of a class and complexities of dealing with a discovery involving a detention center during the COVID 19 pandemic may impact the dates

7) <u>Parties shall provide additional information requested in the Pre-scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge</u>.

Response: n/a

        HOWELL, GIBSON & HUGHES, P.A.

        By: *s/Mary Bass Lohr*
        Mary Bass Lohr
        Post Office Box 40
        Beaufort, SC  29901-0040
        (843) 522-2400
        Bar No: 7804
        Attorney for Defendant

Beaufort, South Carolina

July 27, 2020