# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH CAROLINA

# BEAUFORT DIVISION

| | |
|---|---|
| Cheryl A. Munday and Margaret Devine, on behalf of themselves and others similarly situated, | CIVIL ACTION NO.:9:20-cv-02144-DCN-MHC |
| Plaintiffs, | |
| -vs- | **ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |
| Beaufort County, Philip Foot, Quandara Grant, John Does 1-5 and Jane Does 1-5, | |
| Defendants. | |

The Defendants, Beaufort County, Jane Doe 1-5, John Doe 1-5, Philip Foot and Quandara Grant, answering the Complaint of the Plaintiff would allege unto this Honorable Court as follows:

**FOR A FIRST DEFENSE**

1. That each and every allegation contained in the Plaintiffs' Complaint not specifically admitted hereinafter is denied and strict proof demanded thereof.

2. Paragraphs 1 through 4 of Plaintiffs' Complaint fail to state an allegation of fact against these Defendants, and accordingly, an Answer is not required. To the extent an allegation of fact is alleged these Defendants deny the same.

3. These Defendants admit the allegations contained in Paragraph 5 of the Plaintiffs' Complaint.

4. These Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 6 of the Plaintiffs' Complaint, and accordingly, denies each and every allegation, and demands strict proof thereof.

5. These Defendants admit only so much of Paragraph 7 of the Plaintiffs' Complaint as alleges that Beaufort County is a political subdivision of the State of South Carolina and owns and operates the Beaufort County Detention Center. These Defendants deny any remaining allegations contained in Paragraph 7 of the Plaintiffs' Complaint, and demand strict proof thereof.

6. These Defendants admit the allegation contained in Paragraphs 8 and 9 of the Plaintiffs' Complaint.

7. These Defendants lack sufficient information to form a belief as to the allegations contained in Paragraphs 10 and 11 of the Plaintiffs' Complaint, and accordingly, denies each and every allegation, and demands strict proof thereof.

8. These Defendants deny the allegations contained in Paragraph 12 of the Plaintiffs' Complaint, and demands strict proof thereof.

9. These Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 13 of the Plaintiffs' Complaint, and accordingly, denies each and every allegation, and demands strict proof thereof.

10. These Defendants admit the allegations contained in Paragraph 14 and 15 of the Plaintiffs' Complaint.

11. These Defendants deny the allegations contained in Paragraph 16 of the Plaintiffs' Complaint, and demands strict proof thereof.

12. These Defendants admit only so much of Paragraph 17 of the Plaintiffs' complaint as alleges BCDC officer performed a pat down search according to BCDC policy and procedure. These Defendants deny all remaining allegations contained in Paragraph 17 of the Plaintiffs' Complaint, and demands strict proof thereof.

13. These Defendants admit only so much of Paragraph 18 of the Plaintiffs' complaint as alleges BCDC officer performed a strip search according to BCDC policy and procedure. These Defendants deny all remaining allegations contained in Paragraph 18 of the Plaintiffs' Complaint, and demands strict proof thereof.

14. These Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 19 of the Plaintiffs' Complaint, and accordingly, denies each and every allegation, and demands strict proof thereof.

15. These Defendants admit the allegations contained in Paragraphs 20 and 21 of the Plaintiffs' Complaint.

16. These Defendants deny the allegations contained in Paragraph 22 of the Plaintiffs' Complaint, and demands strict proof thereof.

17. These Defendants lack sufficient information to form a belief as to the allegations contained in Paragraphs 23 and 24 of the Plaintiffs' Complaint, and accordingly, denies each and every allegation, and demands strict proof thereof.

18. These Defendants admit only so much of Paragraph 25 as alleges women are routinely strip searched as they are held in general population. These Defendants deny any remaining allegations contained in Paragraph 25, and demand strict proof thereof.

19. These Defendants admit the allegations contained in Paragraphs 26 and 27 of the Plaintiffs' Complaint.

20. These Defendants deny the allegations contained in Paragraph 28 of the Plaintiffs' Complaint, and demands strict proof thereof.

21. These Defendants admit only so much of Paragraph 29 of the Plaintiffs' Complaint as alleges women are routinely strip searched prior to being held in general population. These Defendants deny all remaining allegations contained in Paragraph 29 of the Plaintiffs' Complaint, and demand strict proof thereof.

22. These Defendants deny the allegations contained in Paragraphs 30 and 31 of the Plaintiff's Complaint, and demands strict proof thereof

23. These Defendants deny the allegations contained in Paragraph 32 of the Plaintiff's Complaint, and demands strict proof thereof.

24. Paragraph 33 of Plaintiffs' Complaint fails to state an allegation of fact against these Defendants, and accordingly, an Answer is not required. To the extent an allegation of fact is alleged these Defendants deny the same.

25. These Defendants deny the allegations contained in Paragraphs 34 through 38 of the Plaintiffs' Complaint, and demands strict proof thereof.

26. These Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 39 of the Plaintiffs' Complaint, and accordingly, denies each and every allegation, and demands strict proof thereof.

27. These Defendants deny the allegations contained in Paragraphs 40 through 43 of the Plaintiffs' Complaint, and demands strict proof thereof.

28. Paragraphs 44 through 46 of Plaintiffs' Complaint fail to state an allegation of fact against these Defendants, and accordingly, an Answer is not required. To the extent an allegation of fact is alleged these Defendants deny the same.

**FOR A FIRST DEFENSE TO COUNT ONE-42 U.S.C. §1983 [FOURTH AMENDMENT] – ALL DEFENDANTS**

29. That in response to Paragraph 47 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

30. These Defendants deny the allegations contained in Paragraphs 48 through 51 of the Plaintiffs' Complaint, and demands strict proof thereof.

**FOR A FIRST DEFENSE TO COUNT TWO-42 U.S.C. §1983 [EQUAL PROTECTION] – ALL DEFENDANTS**

31. That in response to Paragraph 52 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

32. These Defendants deny the allegations contained in Paragraphs 53 through 56 of the Plaintiffs' Complaint, and demands strict proof thereof.

**FOR A FIRST DEFENSE TO COUNT THREE – ARTICLE I, §10 OF THE SOUTH CAROLINA CONSTITUTION [PRIVACY/FOURTH AMENDMENT ANALOGUE] – ALL DEFENDANTS**

33. That in response to Paragraph 57 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

34. These Defendants deny the allegations contained in Paragraphs 58 and 59 of the Plaintiffs' Complaint, and demands strict proof thereof.

**FOR A FIRST DEFENSE TO COUNT FOUR – ARTICLE I, §3 OF THE SOUTH CAROLINA CONSTITUTION [EQUAL PROTECTION] – ALL DEFENDANTS**

35. That in response to Paragraph 60 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

36. These Defendants deny the allegations contained in Paragraphs 61 and 62 of the Plaintiffs' Complaint, and demands strict proof thereof.

**FOR A FIRST DEFENSE TO COUNT FIVE – NEGLIGENT DEPRIVATION OF STATUTORY RIGHTS [SCTCA – NEGLIGENCE *PER SE*] – DEFENDANT COUNTY**

37. That in response to Paragraph 63 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

38. Paragraph 64 of Plaintiffs' Complaint fails to state an allegation of fact against these Defendants, and accordingly, an Answer is not required. To the extent an allegation of fact is alleged these Defendants deny the same.

39. These Defendants deny the allegations contained in Paragraphs 65 through 69 of the Plaintiffs' Complaint, and demands strict proof thereof.

**FOR A FIRST DEFENSE TO COUNT SIX – RECKLESS INFLICTION OF EMOTIONAL DISTRESS [OUTRAGE] – DEFENDANT COUNTY**

40. That in response to Paragraph 70 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

41. Paragraph 71 of Plaintiffs' Complaint fails to state an allegation of fact against these Defendants, and accordingly, an Answer is not required. To the extent an allegation of fact is alleged these Defendants deny the same.

42. These Defendants deny the allegations contained in Paragraph 72 of the Plaintiffs' Complaint, and demands strict proof thereof.

43. These Defendants admit only so much of Paragraph 73 as alleges women are strip searched when placed in general population. These Defendants deny any remaining allegations contained in Paragraph 73 and demand strict proof thereof.

44. These Defendants admit only so much of Paragraph 74 as alleges men are strip searched when placed in general population. These Defendants deny any remaining allegations contained in Paragraph 74 and demand strict proof thereof.

45. These Defendants deny the allegations contained in Paragraphs 75 through 79 of the Plaintiffs' Complaint, and demands strict proof thereof.

46. These Defendants admit the allegations contained in Paragraph 80 of the Plaintiff's Complaint.

47. These Defendants admit only so much of Paragraph 81 as alleges Defendants Foot, Grant, the BCDC Supervisory Defendants, and the Beaufort County Officer Defendant were in the scope of their employment. These Defendants deny any remaining allegations contained in Paragraph 81 and demand strict proof thereof.

**FOR A FIRST DEFENSE TO COUNT SEVEN – ASSAULT – ALL DEFENDANTS**

48. That in response to Paragraph 80 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

49. These Defendants deny the allegations contained in Paragraphs 83 and 84 of the Plaintiffs' Complaint, and demands strict proof thereof.

50. These Defendants admit only so much of Paragraph 85 as alleges the Defendants Foot, Grant, Beaufort County Supervisory Defendants, and Beaufort County Officer Defendants were in the course and the scope of their employment. These Defendants deny any remaining allegations contained in Paragraph 85, and demand strict proof thereof.

51. These Defendants deny the allegations contained in Paragraph 86 of the Plaintiffs' Complaint, and demands strict proof thereof.

52. These Defendants admit only so much of Paragraph 87 as alleges the Defendants Foot, Grant, Beaufort County Supervisory Defendants, and Beaufort County Officer Defendants were in the course and scope of their employment. These Defendants deny any remaining allegations contained in Paragraph 87 and demand strict proof thereof.

53. These Defendants deny the allegations contained in Paragraph 88 of the Plaintiffs' Complaint, and demands strict proof thereof.

### FOR A FIRST DEFENSE TO COUNT EIGHT – BATTERY – AGAINST BEAUFORT COUNTY OFFICER DEFENDANTS AND BEAUFORT COUNTY

54. That in response to Paragraph 89 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

55. These Defendants deny the allegations contained in Paragraphs 90 through 95 of the Plaintiffs' Complaint, and demands strict proof thereof.

### FOR A FIRST DEFENSE TO COUNT NINE – NEGLIGENCE – ALL DEFENDANTS

56. That in response to Paragraph 96 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

57. These Defendants deny the allegations contained in Paragraphs 97 through 104 of the Plaintiffs' Complaint, and demands strict proof thereof.

### FOR A FIRST DEFENSE TO COUNT TEN – ATTORNEYS FEES – 42 U.S. CODE §1988(B) – ALL DEFENDANTS

58. That in response to Paragraph 105 of the Plaintiffs' Complaint, each and every allegation set forth in the proceeding paragraphs are hereby realleged and adopted the same as if repeated verbatim herein.

59. The Defendant lacks sufficient information to form a belief as to the allegations contained in Paragraph 106 of the Plaintiff's Complaint, and accordingly, denies each and every allegation, and demands strict proof thereof.

60. Paragraph 107 of Plaintiff's Complaint fails to state an allegation of fact against this Defendant, and accordingly, an Answer is not required. To the extent an allegation of fact is alleged this Defendant denies same.

61. This Defendant denies the allegations contained in Paragraph 108 of the Plaintiff's Complaint, and demands strict proof thereof.

**FOR A SECOND DEFENSE**

62. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

63. The Plaintiffs have failed to state facts sufficient to constitute a cause of action as to Counts 3, 4, 6, 7 and 8.

**FOR A THIRD DEFENSE**

64. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

65. To the extent alleged, SC Code Ann. §24-5-90 provides for no private right of action.

**FOR A FOURTH DEFENSE**

66. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

67. These Defendants at no time violated any clearly established constitutional rights which were known or should have been known to them and acted, at all times, in good faith and, therefore, these individual Defendants are entitled to qualified immunity.

**FOR A FIFTH DEFENSE**

68. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

69. These Defendants are immune from suit and/or protected from liability pursuant to the South Carolina Tort Claims Act. This Defendant does affirmatively plead the South Carolina Tort Claims Act, as well as its rights privileges, limitations and immunities as a full and complete defense to all causes of action asserted by the Plaintiff, including but not limited to §15-78-60 (5), (17), and (25).

**FOR A SIXTH DEFENSE**

70. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

71. That this Defendant would show that the South Carolina Tort Claims Act expressly precludes the recovery of punitive or exemplary damages, limiting the recovery to actual damages only.

**FOR A SEVENTH DEFENSE**

72. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

73. Defendants reserve the right to invoke the protections of S.C. Code Ann. § 15-1-310.

**FOR AN EIGHTH DEFENSE**

74. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

75. Defendants plead any and all applicable rights and protections afforded to them under the South Carolina Fairness in Civil Justice Act of 2011, codified at S.C. Code Ann. § 15-32-510 to § 15-32-540, as a defense to Plaintiffs' claims and/or request for an award of punitive damages, including, but not limited to, any and all limitations and/or reductions to punitive damages.

**FOR A NINTH DEFENSE**

76. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

77. Punitive damages, as currently awarded in South Carolina, violate the United States Constitution and South Carolina Constitution, as well as the holding of State Farm Mutual Automobile Insurance Company v. Campbell, 538

U.S. 408, 123 S. Ct. 1513, 155 L.Ed.2d 585 (2003), and the cases upon which it is based.

**FOR A TENTH DEFENSE**

78. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

79. Pursuant to Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 522 U.S. 424, 121 S.Ct. 1678 (2001), if punitive damages are recoverable, which is denied, the amount of punitive damages "[are] not really a fact tried by the jury."

**FOR AN ELEVENTH DEFENSE**

80. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

81. The U.S. Constitution's Due Process Clause "forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly [do not] represent," Phillip Morris USA v. Williams, 127 S.Ct. 1057, 1063 (U.S. 2007), and therefore, to the extent that Plaintiffs seek an award of punitive damages for potential or speculative harm to non-parties to the present action, such prayer for relief is unconstitutional and must be struck from the pleadings and is otherwise inadmissible at trial.

## FOR A TWELVE DEFENSE

82. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

83. Notwithstanding the prior defenses incorporating Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 522 U.S. 424 (2001) and State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408 (2003), and the cases upon which they are based, in the event the trial court permits the jury to return a punitive damages award in the instant case, such damages are to be limited to an amount that is no greater than the jury's award of actual damages, as explicated within Exxon Shipping Company v. Baker, 128 S. Ct. 2605 (2008).

WHEREFORE, the Defendant prays this Honorable Court inquire into the matters set forth herein, and enter its Order dismissing this matter, with an award of attorneys fees and costs to the Defendant.

HOWELL, GIBSON & HUGHES, P.A.

By: *s/Mary Bass Lohr*
Mary Bass Lohr
Post Office Box 40
Beaufort, SC  29901-0040
(843) 522-2400
Attorney for Defendants

Beaufort, South Carolina

August 25, 2020