IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Cheryl A. Munday and Margaret Devine, on behalf of themselves and others similarly situated,<br><br>   Plaintiffs,<br><br>-vs-<br><br>Beaufort County, Philip Foot, Quandara Grant, John Does 1-5 and Jane Does 1-5,<br><br>   Defendants.<br>_____ | ) CIVIL ACTION NO.:9:20-cv-<br>) 02144-DCN-MHC<br>)<br>)<br>)<br>) **<u>Consent Protective Order</u>**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

   This matter is before the Court upon motion of Defendants, which Plaintiffs do not oppose, seeking a protective order in connection with the Plaintiffs' request for inmate reports, policies, personnel files, detention center diagrams, and other materials maintained by the Beaufort County Detention Center. The Plaintiffs were previously pre-trial detainees at that facility. The Plaintiffs have further advised that they intend to seek class certification at some point during this litigation and contend the requested records are relevant to class certification and the identity of potential class members. The requested records and policies may include certain items are considered confidential by the Detention Center and which are not suitable for dissemination outside of this action. The Detention Center further asserts other requested documents contain personally identifying information of detention officers as well as the names of pretrial detainees whose arrests may have been expunged or may be expunged in the future, such that disclosure

without an Order governing the use of such documents may violate those individuals' rights pursuant to expungement laws.

The issuance of a protective order authorizing the limited dissemination of the personnel files and documents deemed "Confidential" by the Department is appropriate, and all parties to this action have consented to such an order, subject to the terms set forth below.

NOW, THEREFORE, IT IS ORDERED:

1.     All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" shall be used only in this proceeding.

2.     Documents marked "Confidential" that contain the name and any information relating to other pre-trial detainees other than the named Plaintiffs are produced solely for the informational purposes of the Plaintiffs at this time. Plaintiffs' counsel agree that no effort will be made to contact these individuals and that it may be necessary for the Court to place future parameters on the use of this information should the class proposed by the Plaintiffs be certified.

3.     Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any purpose other than the above captioned litigation.

4.     The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" documents, testimony, written responses, or

other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential," if practical to do so.

5.      If portions of documents or other materials deemed "Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

6.      Plaintiffs' counsel is prohibited from disseminating any policies, personnel files, prison diagrams, incident or grievance reports, or other documents to any current or future Plaintiff, but may discuss the matters therein with the Plaintiffs so long as they do not disclose any identifying information of other inmates or any officer's home address, social security number, family members' names, and any other information that could potentially threaten the safety of the Defendants' officers or their families.

7.   Any transcript of a court proceeding, including a deposition, hearing, or trial, where such restricted policies, personal information, or other protected information are referenced, must be placed under seal and remain sealed unless otherwise directed by this Court.

8.   Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

   a.   Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

   b.   In-house counsel for the parties, and the administrative staff for each in-house counsel.

   c.   Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

   d.   Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

   e.   The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

   f.   The authors and the original recipients of the documents.

g. Any court reporter or videographer reporting a deposition.

h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8. Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

9. Counsel shall take all necessary steps to ensure all copies of said policies and personnel files are destroyed following the completion of the instant litigation. Any copies not destroyed, but discovered thereafter, must be destroyed immediately upon discovery.

10. Nothing in this Order shall prevent counsel from utilizing a "working" copy of the documents at issue.

11. Each and every provision within this Order also applies to any additional policies or other protected documents referenced herein that may be requested by the Plaintiffs during the course of the instant litigation, without need for an additional Order of this Court.

12. Any "Confidential" designation is subject to challenge. The following procedures shall apply to any such challenge:

a. The burden of proving the necessity of a "Confidential" designation remains with the party asserting confidentiality.

b. A party who contends that documents designated "Confidential" are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without

judicial intervention and, if not, to move for an Order confirming the "Confidential" designation.

c.     Notwithstanding any challenge to the designation of documents as "Confidential", all material previously designated "Confidential" shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1)     the party who claims that the documents are confidential withdraws such designation in writing;

(2)     the party who claims that the documents are confidential fails to move timely for an Order designating the documents as "Confidential" as set forth in paragraph 12.b. above; or

(3)     the court rules that the documents should no longer be designated as "Confidential".

d.     Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

IT IS SO ORDERED.

_____
Molly H. Cherry
United States Magistrate Judge


Beaufort, South Carolina

December 1, 2020


[Signature Page Follows]

WE CONSENT

HOWELL, GIBSON & HUGHES, P.A.


By: *s/Mary Bass Lohr*
 Mary Bass Lohr
ATTORNEY FOR DEFENDANTS


BAUER & METRO


By: s/*Robert S. Metro*
Robert S. Metro
ATTORNEY FOR PLAINTIFF


PETERS, MURDAUGH, PARKER, ELTZROTH, & DETRICK, P.A.


By: *s/Bert G. Utsey*
Bert G. Utsey
ATTORNEY FOR PLAINTIFF